Suzy STOUGHTON, Appellee,

v.

John COLLA, Appellant.

No. 80–1061.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 13, 1980.

Decided Nov. 11, 1980.

Daniel P. Card, II, St. Louis, Mo., for appellant.

Kenneth K. Vuylsteke, University City, Mo., Eugene H. Fahrenkrog, Jr., St. Louis, Mo., for appellee.

Before LAY, Chief Judge, and BRIGHT and McMILLIAN, Circuit Judges.

PER CURIAM.

John Colla appeals from a judgment entered on a general jury verdict in a malicious prosecution suit awarding Suzy Stoughton $45,000 in damages; $10,000 compensatory and $35,000 punitive. Colla alleges the District Court for the Eastern District of Missouri, The Honorable William L. Hungate, improperly admitted certain testimony and other evidence. For the reasons stated below, we affirm.

In 1966 Stoughton and Colla started living together as man and wife although they were not legally married. During their relationship they purchased household items with joint funds and eventually purchased a house. The deed shows them as joint owners of the property. The couple retained their former apartment after buying the house and they split their time between the two residences.

After experiencing difficulties, the couple terminated their eight–year long relationship. On July 25, 1976, plaintiff came upon

Colla in their apartment ripping all of her clothes. He left taking Stoughton's keys to the apartment and house. In October, plaintiff hired a locksmith to make her keys to the house. She used them to enter the house to remove several of the household items she claims belonged to her or were purchased with commingled funds. Upon learning of the missing items, Colla caused the plaintiff to be arrested for second degree burglary and stealing.

Before her criminal action could be brought to a preliminary hearing, plaintiff presented the deed to the house showing her as joint owner. An assistant prosecutor immediately dropped the burglary charge but retained the stealing charge. After a hearing, Magistrate Kelley dismissed this charge for lack of probable cause. Subsequently, plaintiff brought this diversity action for malicious prosecution.

■ Throughout the trial defendant consistently refused to admit that the criminal charges were terminated in plaintiff's favor. To prove this essential element of her case, plaintiff offered the magistrate court file which was admitted into evidence. The district court limited the testimony concerning the document and the jury did not see the entire document. Magistrate Kelley testified that he had dismissed the criminal charges against the plaintiff and volunteered that he had done so because of the lack of probable cause. Defense counsel made no objection to the magistrate's statement nor did he move to strike it from the record. Defendant, in this appeal, argues that the trial court improperly admitted the magistrate court file and allowed the magistrate to testify.

After reviewing the record, we find the evidence was not properly objected to. Moreover, in the absence of an objection, we cannot say the district court committed plain error in admitting the magistrate's testimony or in allowing the magistrate's court file into evidence for a limited purpose.

■ Defendant further challenges the admission of testimony that he shredded plaintiff's clothes and the admission of a police report containing statements made by the defendant. This evidence was relevant to the issue of malice.[1]

■ We find plaintiff introduced sufficient evidence of the lack of probable cause to present a submissible case to the jury and finding no other errors of law, we affirm the judgment of the district court.

---

1. In his brief, defendant also challenges the testimony of two assistant prosecutors who testified on plaintiff's behalf. At argument, defendant's counsel withdrew any objection to their testimony.